## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAIGE CARTER, Special Administrator of the ESTATE OF KEVEIN C. CARTER, Deceased, | **Case No: 8:23-cv-485** |
| **Plaintiff,** | |
| v. | |
| SCOTT FRAKES, Former Director of the Nebraska Department of Correctional Services, in his individual capacity; MICHELE WILHELM, Warden of Nebraska State Penitentiary, in her individual capacity; DR. HARBANS DEOL, Former Medical Director for Nebraska Health Services, in his individual capacity; SHELBY BARRAGAN-LOPEZ, in her individual capacity; MICHAEL MCCANN, in his individual capacity; CHARICE TALLEY, in her individual capacity; JEFFERY REED, in his individual capacity; DOUGLAS HEMINGER, in his individual capacity; MATT HECKMAN, in his individual capacity; FRANKLIN HOWARD, in his individual capacity; KIM MCGILL, in her individual capacity; and JOHN/JANE DOES 1-6, all employees of Nebraska State Penitentiary, in their individual capacities, | **DEFENDANT DR. HARBANS DEOL'S BRIEF IN SUPPORT OF MOTION TO DISMISS** |
| **Defendants.** | |

Defendant Dr. Harbans Deol, in his individual capacity, hereby submit this brief in support of his Motion to Dismiss.

## INTRODUCTION

Based on the face of the First Amended Complaint ("FAC"), Filing No. 19, CM/ECF, Dr. Deol simply took no action and did not have sufficient knowledge of any activity that would allow plausible liability to lie against them under 42 U.S.C. § 1983 and U.S. Const. amend. VIII. Dr. Deol had no direct involvement in the decision to house Kevin Carter with Angelo Bol. The FAC does not allege that he did. He had no authority or even knowledge regarding any housing decision affecting Kevin Carter and Angelo Bol. The FAC does not allege that he did. Dr. Deol was not aware of any pattern of prison staff not following regulations regarding placement of inmates in double bunking. The FAC does not allege that he did. The FAC simply does not allege any actions, or non-action, by Dr. Deol that would allow Plaintiff to recover against him under 42 U.S.C. § 1983.

## BACKGROUND AND FIRST AMENDED COMPLAINT

For the purposes of this Motion only, allegations from the FAC are taken as true. Carter entered the custody of the Nebraska Department of Correctional Services ("NDCS") on December 18, 2019. Filing No. 19, CM/ECF at 3, ¶ 25.

Dr. Deol was aware that an unmedicated Bol created a danger. Filing No. 19, CM/ECF at 7, ¶ 61. Dr. Deol had Bol involuntarily medicated. Filing No. 19, CM/ECF at 7, ¶ 62. Dr. Deol was aware that Bol was dangerous. Filing No. 19, CM/ECF at 9, ¶ 78. "Medical Department" failed to warn other members of the facility of these dangers. *Id.* This is a fair reading of the FAC that has only a few mentions of Dr. Deol.

## STANDARD FOR A MOTION TO DISMISS FED.R.CIV PRO. 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 135 S. Ct. 2941 (2015).

"The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 136 S. Ct. 804 (2016).

## ARGUMENT

**I.    Plaintiff fails to allege facts sufficient to demonstrate Dr. Deol was directly or personally involved in a constitutional violation.**

The Eighth Amendment to the United States Constitution proscribes the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The Supreme Court counsels that this amendment imposes upon prison officials the duty to "provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). That duty "requires those officials to take reasonable measures to 'protect prisoners from violence at the hands of other prisoners.'" *Jensen v. Clarke*, 73 F.3d 808, 810 (8th Cir. 1996) (quoting *Farmer*, 511 U.S. at 833) (internal quotation marks and citations omitted). However, "Prison officials do not commit a constitutional violation every time one prisoner attacks another." *Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007). "[N]ot . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for a victim's safety." *Farmer*, 511 U.S. at 834.

In order to state a claim pursuant to 42 U.S.C. § 1983, "a plaintiff must [allege] (1) violation of a constitutional right, (2) *committed* by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." *McDonald v. City of Saint Paul,* 679 F.3d 698, 704 (8th Cir. 2012). As such, a plaintiff must plead facts sufficient to demonstrate an individual defendant was *directly* and *personally* involved in an alleged constitutional violation. *Clemmons v. Armantrout,* 477 F.3d 962, 967 (8th Cir. 2007).

In order to maintain the 42 U.S.C. § 1983 claim against Dr. Deol, Plaintiff must allege facts that he had direct or personal involvement in a constitutional violation. The FAC alleges Dr. Deol was involved in Bol's mental health treatment and knew Bol was dangerous. Filing No. 19, CM/ECF at 7, ¶ 61; 9, ¶ 78.  That's it.  Plaintiff makes no allegation that Dr. Deol ordered, directed, suggested, or even knew that Carter and Bol were housed together. Thus, there is no allegation of direct participation in an alleged constitutional violation as is required by the law.

To succeed in an Eighth Amendment failure-to-protect claim, inmates must make two showings. First, they must demonstrate that they are "incarcerated under conditions posing a substantial risk of serious harm." *Jensen v. Clarke*, 73 F.3d 808, 810 (8th Cir. 1996) (quoting *Farmer,* 511 U.S. at 834). The second requirement concerns the state of mind of the prison official who is being sued. *Id*. It mandates that the plaintiff show that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (quoting *Farmer,* 511 U.S. at 837).

 In this case, Plaintiff fails to allege facts to support the claim that Dr. Deol knew of and disregarded an excessive risk to Carter's safety. Specifically, Plaintiff failed to allege Dr. Deol knew that Carter and Bol were even housed together. In the FAC, Plaintiff alleges that other Defendants were responsible for making the decision to house Carter and Bol together. Filing No. 19, CM/ECF at 3, ¶ 54. It follows that because Dr. Deol was not aware of the housing placement, it would have been

impossible for Dr. Deol to have known of any substantial risk of serious harm to Carter.

Furthermore, Plaintiff makes no allegation that Dr. Deol ever medically treated Kevin Carter. Constitutional violations alleged against prison doctors are usually made by patients receiving treatment from that doctor and the 8th Amendment jurisprudence is built around this relationship. *See e.g., Hartsfield v. Colburn*, 491 F.3d 394, 396 (8th Cir. 2007). He is a doctor that makes medical care decisions. Filing No. 19, CM/ECF at 7, ¶ 62. Kevin Carter is not alleged to have been in his care at anytime relevant to the FAC. The FAC makes no allegation that Dr. Deol had any supervisory authority, decision making authority or policy making authority over any other Defendant in the decision to house Carter and Bol.

Even accepting all of Plaintiff's factual allegations as true, Plaintiff failed to allege *direct* and *personal* involvement of Dr. Deol in the decision to house Carter and Bol together. Likewise, Plaintiff failed to allege facts suggesting Dr. Deol was aware of a substantial risk of harm to Carter and disregarded that risk. He simply was not involved in any housing decision. The FAC only alleges Dr. Deol understood Bol to be dangerous, but it makes know allegation that he was aware of or had any part in the housing decision. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted against Dr. Deol.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint against Dr.

Deol with prejudice.

DATED this 4th day of March, 2024.

> **DR. HARBANS DEOL, Former Medical**
> **Director for Nebraska Health Services**
> **in his individual capacity, Defendant.**

By:   MICHAEL T. HILGERS, #24483
      *Nebraska Attorney General*

By:   */s/ Joseph Messineo*
      Joseph Messineo, #21981
      *Assistant Attorney General*

OFFICE OF THE ATTORNEY GENERAL
2115 State Capitol
Lincoln, Nebraska 68509
Phone: (402) 471-1901
Fax: (402) 471-4725

*Attorneys for Defendants.*

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d), the undersigned hereby certifies that the foregoing

principal brief contains 1747 words (including the caption, headings, footnotes, and

quotations) in compliance with said rule. The undersigned utilized the word count

function of Microsoft Word for Microsoft Office 365.

By:   *s/ Joseph Messineo*
      Joseph Messineo, #21981
      *Assistant Attorney General*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 4, 2024, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Nebraska, causing notice of such filing to be served upon all parties registered on the CM/ECF system as follows:

Thomas J. Monaghan
Rodney C. Dahlquist, Jr.
Dornan, Troia, Howard, Breitkreutz,
Dahlquist & Klein PC LLO
1403 Farnam Street, Suite 232
Omaha, NE 68102

By:    <u>*s/ Joseph Messineo*</u>
Joseph Messineo, #21981
*Assistant Attorney General*