IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAIGE CARTER, Special Administrator of the ESTATE OF KEVIN C. CARTER, Deceased,<br><br>   Plaintiff,<br><br>v.<br><br>SCOTT FRAKES, Former Director of the Nebraska Department of Correctional Services, in his individual capacity; MICHELE WILHELM, Warden of Nebraska State Penitentiary, in her individual capacity; DR. HARBANS DEOL, Former Medical Director for Nebraska Health Services, in his individual capacity; SHELBY BARRAGAN-LOPEZ, in her individual capacity; MICHAEL MCCANN, in his individual capacity; CHARICE TALLEY, in her individual capacity; JEFFERY REED, in his individual capacity; DOUGLAS HEMINGER, in his individual capacity; MATT HECKMAN, in his individual capacity; FRANKLIN HOWARD, in his individual capacity; KIM MCGILL, in her individual capacity; and JOHN/JANE DOES 1-6, all employees of Nebraska State Penitentiary, in their individual capacities,<br><br>   Defendants. | Case No: 8:23-cv-485<br><br><br><br><br><br><br><br><br><br>CHARICE TALLEY ANSWER TO FIRST AMENDED COMPLAINT |

  COMES NOW Defendant Charice Talley ("Defendant"), for her Answer to the

Plaintiff's First Amended Complaint ("FAC") and aver as follows:

1. Admit.

2. Admit.

3. Defendant is without sufficient knowledge to admit or deny this allegation.

4. Admit.

5. Admit.

6. Admit that Defendants Frakes and Wilhelm do make policy for the Nebraska State Penitentiary ("NSP"). Deny that Defendants Frakes or Wilhelm made any decisions in regard to subject matter of the FAC.

7. Admit.

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. Defendant is without sufficient knowledge to admit or deny this allegation.

17. Admit.

18. Deny.

19. Admit.

20. Admit.

21. Defendant is without sufficient knowledge to admit or deny this allegation.

22. Admit.

23. Admit.

24. Admit.

25. Admit.

26. Admit.

27. Admit.

28. Deny.

29. Admit.

30. Deny.

31. Deny.

32. Deny.

33. Admit that Angelo Bol was placed on an involuntary medication order. Deny the remainder of this paragraph.

34. Admit.

35. Admit as to the misconduct reports. Deny the remainder of this paragraph.

36. Defendant is without sufficient knowledge to admit or deny this allegation.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

47. Deny.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

53. Deny.

54. Deny.

55. Deny.

56. Deny.

57. Deny.

58. Deny.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

63. Deny.

64. Deny.

65. Deny.

66. Deny.

67. Defendant is without sufficient knowledge to admit or deny this allegation.

68. Deny.

69. Admit that Bol killed Kevin Carter. The remainder of this paragraph is denied.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Admit.

76. Admit.

77. Admit.

78. Deny.

79. Deny.

80. No response required.

81. Deny.

82. Deny.  Deny subparts a through h.

83. Deny.

84. Deny.

85. Deny.

86. Deny.

87. Deny.

88. Defendant does not request a jury trial.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Defendant is immune from suit under the doctrine of qualified immunity.

3. Plaintiff's claims and lawsuit are barred by the statute of limitations.

4. All conduct attributed to the Defendant, to the extent it occurred, was done in good faith.

5. Plaintiff failed to exhaust administrative remedies prior to filing suit in accordance with applicable state law or regulations.

6. At all relevant times, the Defendant acted in good faith, without malice, and without the requisite state of mind necessary for the Plaintiff to establish liability for the violation of any federal right.

7. The Defendant did not act with deliberate indifference to the Plaintiff's health and safety.

8. The Defendant did not know of and disregard a serious risk of harm to the Plaintiff.

9. The Defendant did not engage in any conduct that caused Plaintiff to suffer a serious medical, dental, or mental health condition or aggravate or worsen an existing serious medical, dental, or mental health condition.

10. The Defendant has not fallen below the applicable standard of care in protecting to the Plaintiff.

11. The Defendant hereby places the Plaintiff on notice that the Defendant will raise the following affirmative defenses, as set forth in Fed. R. Civ. P. 8(c)(1), should subsequent discovery disclose facts that support such defenses, including, but not limited to: assumption of risk, contributory negligence, fraud, illegality, laches, payment, release, res judicata, and waiver.

WHEREFORE, the Defendant prays that the Plaintiff takes nothing by reason of this suit and respectfully request that the Court enter judgment in favor of the

Defendant, dismiss the Complaint with prejudice, and grant the Defendant any other and further relief that the Court deems just and proper.

DATED this 25th day of March 2024.

        **CHARICE TALLEY, Defendant.**

BY:   MICHAEL T. HILGERS, #24483
        *Nebraska Attorney General*

BY:   *s/ Joseph Messineo*
        Joseph Messineo, #21981
        *Assistant Attorney General*

        OFFICE OF THE ATTORNEY GENERAL
        2115 State Capitol
        Lincoln, NE 68509-8920
        Tel: (402) 471-1901
        joe.messineo@nebraska.gov

        *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

     I hereby certify that on March 25, 2024, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Nebraska, causing notice of such filing to be served upon all parties registered on the CM/ECF system as follows:

Thomas J. Monaghan
Rodney C. Dahlquist, Jr.
Dornan, Troia, Howard, Breitkreutz,
Dahlquist & Klein PC LLO
1403 Farnam Street, Suite 232
Omaha, NE 68102

                           By:   *s/ Joseph Messineo*
                                     Joseph Messineo, #21981
                                     *Assistant Attorney General*