**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **PAIGE CARTER, Special Administrator of the ESTATE OF KEVEIN C. CARTER, Deceased,** | **Case No: 8:23-cv-485** |
| **Plaintiff,** | |
| v. | **DEFENDANTS SCOTT FRAKES, MICHELE WILHELM, and DR. HARBANS DEOL REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |
| **SCOTT FRAKES, ET AL.,** | |
| **Defendants.** | |

**INTRODUCTION**

The Motion to Dismiss by Defendants Scott Frakes, Michelle Wilhelm, and Dr. Harbans Deol (collectively "Defendants") is based upon their complete lack of any involvement in the decision to house Kevin Carter with Angelo Bol, and the complete lack of any pattern of behavior of which they were aware of Nebraska Department of Correctional Services ("NDCS") staff allegedly making constitutionally deficient inmate housing decisions. Plaintiff's Brief in Opposition to Motions to Dismiss Amended Complaint (Filing No. 54, hereinafter "Opposition") does not set forth anywhere in the First Amended Complaint (Filing No. 19) where it is alleged that the Defendants had any involvement in housing Carter with Bol. Nor does it set forth a pattern or subjective knowledge or inference drawn therefrom of a substantial risk of serious harm to Kevin Carter in NDCS housing decisions. The Opposition simply does not address the issues raised by the Defendants' Motion to Dismiss. The First Amended Complaint must be dismissed as to the moving Defendants.

## ARGUMENT

**I.      Plaintiff's First Amended Complaint Makes no Allegations That Defendants Were Involved in the Decision to House Carter with Bol.**

Public officials are not liable under 42 U.S.C. § 1983 solely because they hold supervisory authority. "[A] general responsibility for supervising the operations of a prison is insufficient to establish the ***personal*** involvement required to support liability." (emphasis added). *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). Additionally, when supervisors lack medical expertise, they are not generally responsible for medical decisions by treating staff regarding that medical care. *See Id.* (citing *Crooks v. Nix*, 872 F.2d 800, 803 (8th Cir.1989)). "To state a claim under § 1983, the plaintiff must plead that a government official has ***personally*** violated the plaintiff's constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (emphasis added).

The Opposition has an entire section that attempts to elucidate the First Amended Complaint's allegations surrounding the decision to house Carter with Bol. Filing No. 54, CM/ECF at 6-8.   Tellingly, the Opposition does not make a single reference to any direct actions that the Defendants took in deciding to house Carter with Bol.  Nor could it.  Even a cursory review of the First Amended Complaint shows that it makes no such allegations against the Defendants.  Filing No. 19, CM/ECF at 6-7, ¶ 50-57.   Rather, the First Amended Complaint specifically attributes that conduct to other individuals. Filing No. 19, CM/ECF at p. 6, ¶ 54.  The Defendants simply are not alleged to have been directly involved in the decision to house Carter with Bol.

The Opposition argues that Frakes was involved with Bol's medical treatment and that decision regarding that treatment somehow creates liability for Frakes. Filing No. 54, CM/EFT at 7-8. However, Frakes is not alleged to have any medical training. As such, he is not responsible for medical decisions. *Camberos*, 73 F.3d at 176. At the heart of Plaintiff's claim is an alleged deliberate indifference to Bol's serious medical condition (Filing No. 19, CM/ECF at 7-9, ¶¶ 60-79); however, Plaintiff attributes this to the conduct of NDCS's "Medical Department" and not Frakes. Filing No. 19, CM/ECF at 9, ¶¶ 78-79. Plaintiff's theory against Frakes is no more than *respondeat superior*.

## II.    Plaintiff Fails to Plead a Plausible Case for Liability Against the Defendants Based Upon a Failure to Train and Supervise NDCS Staff and Prevent Harm.

The Opposition asserts as a basis for liability against the Defendants Frakes and Wilhelm that they failed to properly train and supervise NDCS staff. Filing No. 54, at 8-13. This fails for two reasons. First, there is no pattern of constitutional violations alleged in the First Amended Complaint. Second, there are no allegations that Frakes or Wilhelm instructed staff to house Carter with Bol, *or even that they knew* that it was occurring. This is fatal to Plaintiff's claims against Frakes and Wilhelm.

In evaluating the cogency of the Opposition, the standards for pleading a viable cause of action bear repeating. To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 135 S. Ct. 2941 (2015).

The plaintiff must plead a facially plausible case that the supervisor "(1) had notice of a *pattern of unconstitutional acts* committed by subordinates; (2) was deliberately indifferent to or tacitly authorized those acts; and (3) failed to take sufficient remedial action; (4) proximately causing injury to [the plaintiff]." *Brewington v. Keener*, 902 F.3d 796, 803 (8th Cir. 2018) (emphasis added) (internal quotation marks omitted). A pattern of unconstitutional behavior is created where the activity is *so pervasive and widespread* as to have the effect and force of law. *Id.* at 801.

A.   **Plaintiff's allegations lack any pattern of unconstitutional acts by subordinates**

Plaintiff argues that they allege "instances" of staff misconduct in making housing decisions for inmates in the First Amended Complaint. Filing No. 54, at 9. The Opposition and First Amended Complaint only reference one prior instance. Plaintiff insists there are others but does not provide any other information. This is the type of conclusory "threadbare" pleading that does not satisfy the Plaintiff's

burden in pleading its case. And in doing so, Plaintiff has not went beyond merely alleging the underlying elements of his cause of action—insufficient under the plausibility requirements of pleading.  As no pattern is alleged, let alone a pervasive pattern, Plaintiff's claims fail the first element.

### B.      Plaintiff fails to plead sufficient facts of deliberate indifference

To prove deliberate indifference of a violation of an inmate's Eighth Amendment rights based on a failure to prevent harm, there is an objective element and a subjective element.  The objective element is that the inmate must show that he is incarcerated under conditions that create a substantial risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The subjective element is that the prison official must be both aware of the facts from which the inference can be drawn that a substantial risk of serious harm exists, and the official must also draw the inference. *Id.* at 837.

Regarding the subjective element, the Opposition argues, *ad nauseam*, that Frakes and Wilhelm knew that Bol had serious mental health issues and likely posed a threat to inmates and staff.  Filing No. 54, at 10-12.  Bol's general mental health issues are irrelevant.  If any threat of harm existed for Carter, it was the housing decision, not Bol's general state of mental health. At no point does the Opposition argue, nor does the First Amended Complaint allege, that Frakes or Wilhelm were subjectively aware that Bol posed a threat to Carter by the two of them being housed together.  Further, there is no argument or allegation that Frakes or Wilhelm knew of this housing decision. Frakes and Wilhelm not only did not draw an inference of a

risk of harm, they lacked any subjective knowledge, whatsoever, of the potential harm. Without any allegation of subjective knowledge regarding the risk of harm, *i.e.,* the housing decision, the First Amended Complaint simply fails to allege deliberate indifference and fails the second *Brewington* element.

The arguments set forth herein apply to any claim against Dr. Deol in even greater force. Dr. Deol is not alleged to maintain any supervisory authority over staff, let alone that he had any authority or even input in the decision to house Carter with Bol. Even a claim that Dr. Deol, or for that matter Frakes and Wilhelm, failed to warn NDCS staff about Bol's mental health issue fails.

## CONCLUSION

For the foregoing reasons in addition to Defendants' arguments set forth in their principal briefs in support of their Motions to Dismiss (Filing Nos. 42, 49), the Court should dismiss Plaintiff's First Amended Complaint against Scott Frakes, Michelle Wilhelm, and Harbans Deol.

**DATED** this 10th day of April 2024.

**MICHELE WILHELM, SCOTT FRAKES, and DR. HARBANS DEOL, each in his or her individual capacity, Defendants.**

BY:    MICHAEL T. HILGERS, #24483
*Nebraska Attorney General*

BY:    *s/ Joseph Messineo*
Joseph Messineo, #21981
Erik W. Fern, #23733
*Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
2115 State Capitol
Lincoln, NE  68509-8920
Tel: (402) 471-2683
joe.messineo@nebraska.gov
*Attorneys for Defendants.*

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d), the undersigned hereby certifies that the foregoing principal brief contains 1643 words (including the caption, headings, footnotes, and quotations) in compliance with said rule. The undersigned utilized the word count function of Microsoft Word for Microsoft Office 365.

BY:    *s/ Joseph Messineo*
Joseph Messineo

# CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2024, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Nebraska, causing notice of such filing to be served upon all parties registered on the CM/ECF system, as follows:

Thomas J. Monaghan
Rodney C. Dahlquist, Jr.
Dornan, Troia, Howard, Breitkreutz,
Dahlquist & Klein PC LLO
1403 Farnam Street, Suite 232
Omaha, NE 68102

> BY:   *s/ Joseph Messineo*
> Joseph Messineo