IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAIGE CARTER, Special Administrator of the ESTATE OF KEVIN C. CARTER, deceased,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>SCOTT FRAKES, Former Director of the Nebraska Department of Correctional Services, in his individual capacity, et al.,<br><br>　　　　　　Defendants. | 8:23-CV-485<br><br>MEMORANDUM AND ORDER |

　　　Kevin Carter was murdered while incarcerated in the Nebraska State Penitentiary. This lawsuit is brought by the special administrator of Carter's estate, Paige Carter. The plaintiff alleges that the defendants, various state employees acting in their individual capacities, violated Carter's Eighth Amendment rights. The plaintiff seeks damages under 42 U.S.C. § 1983.

　　　Most of the defendants have answered the complaint. *See* filing 47. Three of the defendants—Scott Frakes, former director of the Nebraska Department of Correctional Services; Michele Wilhelm, Warden of the Nebraska State Penitentiary; and Dr. Harbans Deol, former Medical Director for Nebraska Health Services—have moved to dismiss the claims against them. Filing 41; filing 48. This matter is before the Court on those motions to dismiss.

I. STANDARD OF REVIEW

　　　To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. While the Court must accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party, *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012), a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## II. BACKGROUND

Carter was in the custody of the Nebraska Department of Correctional Services beginning in December 2019. Filing 19 at 3. He was nineteen years old, and his estimated parole eligibility date was April 10, 2022. *Id*. On October 31, 2020, Carter was placed in the same cell as fellow inmate Angelo Bol. Filing 19 at 6. Bol murdered Carter a few days later.

Bol was serving a life sentence for first degree murder, and he had been in custody since 2015. Filing 19 at 3; *see also, generally*, *State v. Bol*, 882 N.W.2d 674 (Neb. 2016). Bol allegedly had a history of serious mental illness for which he had been intermittently medicated, sometimes involuntarily, at the direction of Frakes, Deol, and the prison medical staff. *See* filing 19 at 4. The plaintiff alleges that Bol was unmedicated when he was placed with Carter. The complaint alleges that Bol's behavior in the months leading up to Carter's murder had been increasingly erratic and violent. Filing 19 at 5. Specifically, Bol threatened to kill a prison staff member, and he attacked his prior cellmate, unprovoked. *Id*. The complaint alleges that when he was

2

properly medicated, Bol had fewer violent and psychotic outbursts. Frakes and Deol decided to involuntarily medicate Bol to keep prison staff and inmates safe. *Id.* But the prison medical staff allegedly failed to follow up with Bol and adjust his medication to accommodate his increasingly violent behavior. *See* filing 19 at 5-6.

The answering defendants (*see* filing 47) placed Bol and Carter in the same cell together. Filing 19 at 6. That decision was made under the supervision of defendants Frakes and Wilhelm. Filing 19 at 7. Those defendants allegedly failed to follow the prison's policy regarding how to evaluate potential cellmates. Filing 19 at 6. It is alleged that there were prior instances, known by Frakes and Wilhelm, when prison staff had improperly housed incompatible cellmates together. The plaintiff alleged Frakes and Wilhelm knew those failures to follow prison policy resulted in the death of at least one inmate, Terry Berry. *See* filing 19 at 7; *see also, generally*, *Moser v. State*, 948 N.W.2d 194 (Neb. 2020); *State v. Schroeder*, 941 N.W.2d 445 (Neb. 2020).

## III. DISCUSSION

The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to take reasonable measures to guarantee inmate safety by protecting them from attacks by other prisoners. *Young v. Selk*, 508 F.3d 868, 871 (8th Cir. 2007). But prison officials do not commit a constitutional violation every time one prisoner attacks another. *Id.* at 872. To state an Eighth Amendment failure-to-protect claim, a plaintiff must allege facts that show that the particular prison official was deliberately indifferent to a substantial risk of serious harm. *Id.* An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it. *Id.* And a supervisor's failure to train an inferior officer may

subject the supervisor to liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the inferior officers come into contact. *Marsh v. Phelps Cnty.*, 902 F.3d 745, 754 (8th Cir. 2018).

Frakes, Wilhelm, and Deol do not dispute that the plaintiff alleged facts supporting at least an inference that there was a substantial risk of serious harm to Carter based on his placement in the same cell with Bol, a particularly volatile inmate. *See Young*, 508 F.3d at 873. But the defendants argue that the complaint fails to state facts supporting an inference of the subjective aspect of deliberate indifference. The defendants argue the complaint fails to allege that defendants Frakes, Wilhelm, or Deol actually knew that Carter was in the same cell as Bol, so there was no way for those defendants to be deliberately indifferent to the risk to Carter. Filing 42 at 6; filing 49 at 5.

The plaintiff argues these defendants are liable under two theories. First, Frakes and Deol are liable based on Bol's "medical treatment failure." *See* filing 19 at 7; filing 54 at 8, 13. Second, Frakes and Wilhelm are liable based on their failure to supervise prison staff in selecting cellmates. *See* filing 19 at 7; filing 54 at 8-9.

### 1. MEDICAL TREATMENT FAILURE

Under the deliberate indifference standard, a state actor is not liable under § 1983 for "surprise attacks" of inmates; *i.e.*, where the state actor had no reason to believe that a particular inmate was in special danger or that a particular inmate was especially violent. *E.g., Vandevender v. Sass*, 970 F.3d 972, 976-77 (8th Cir. 2020). A state actor cannot be deliberately indifferent to an unknowable risk of harm. However, a plaintiff "is *not* required to allege and prove that the defendant . . . specifically knew about or anticipated the precise source of the harm." *Nelson v. Shuffman*, 603 F.3d 439, 447 (8th Cir. 2010) (quoting *Kahle v. Leonard*, 477 F.3d 544, 551 (8th Cir. 2007)) (emphasis in

4

original); *see also Krein v. Norris,* 309 F.3d 487, 491 (8th Cir. 2002). Rather, to state a claim under the Eighth Amendment, a plaintiff must plead facts supporting an inference that a prison official knew of a substantial risk of danger and failed to respond reasonably to that risk. *See Young,* 508 F.3d at 873-74; *Nelson,* 603 F.3d at 446.

Here, the plaintiff alleged that Bol was a particularly volatile inmate. Filing 19 at 5. And the plaintiff alleged that Frakes and Deol personally knew that Bol was dangerous to other inmates and prison staff. Filing 19 at 7. The plaintiff also alleged that Frakes and Deol failed to ensure that Bol was properly medicated to reduce his risk to other people in the prison. *See* filing 19 at 7. These facts support an inference that Frakes and Deol did not respond reasonably to the known substantial risk of harm posed by Bol. The plaintiff has stated a claim under § 1983 as to these defendants. *See Young,* 508 F.3d at 873-74.

### 2. FAILURE TO SUPERVISE

The plaintiff did not allege that Frakes or Wilhelm were personally involved in deciding to house Carter with Bol. Instead, the plaintiff's theory of liability is that Frakes and Wilhelm failed to supervise other prison staff in implementing the prison's policy for determining cellmates.

A supervisor's failure to train subordinate officers may subject the supervisor to liability in his or her individual capacity only where the failure to train amounts to deliberate indifference to the rights of persons with whom the trainees come into contact. *Marsh v. Phelps Cnty.,* 902 F.3d 745, 754 (8th Cir. 2018). A plaintiff must allege that a particular official personally knew the constitutional risk posed by their inadequate training or supervision, based on a pattern of unconstitutional acts committed by subordinates, and the official proximately caused injury by failing to take sufficient remedial action. *Id.*;

5

*Walton v. Dawson*, 752 F.3d 1109, 1118 (8th Cir. 2014); *Parrish v. Ball*, 594 F.3d 993, 1002 (8th Cir. 2010).

Defendants Frakes and Wilhelm argue that the plaintiff failed to allege that the defendants were aware of any pattern of unconstitutional acts. Filing 42 at 7. They argue that the other specific instance cited by the plaintiff, the death of Terry Berry, is insufficient to establish a pattern of unconstitutional behavior. The complaint alleges that the defendants "were aware of instances . . . including but not limited to the death of Terry Berry." Filing 19 at 7. The defendants argue this is too vague and speculative to state a claim for relief.

The defendant relies on *Brewington v. Keener*, 902 F.3d 796 (8th Cir. 2018), where the appellate court determined that two instances of unconstitutional action were insufficient to establish a pattern so as to hold a municipality liable under § 1983. According to the defendant, the plaintiff's single example of unconstitutional action is insufficient to plead such a claim of relief. But *Brewington* was decided on summary judgment,[1] while this case is at the pleading stage, and there is a reasonable possibility that discovery will reveal evidence to substantiate the necessary elements of the plaintiff's claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

The defendants appear to agree (for the purposes of their motion to

---

[1] Additionally, *Brewington* involved attempts to hold a municipality liable under § 1983. Municipal liability attaches to a facially constitutional policy only where a city's inaction reflects a deliberate indifference to the rights of the citizenry, such that inadequate training or supervision actually represents the city's "policy." *Szabla v. City of Brooklyn Park, Minn.*, 486 F.3d 385, 392 (8th Cir. 2007). But this is not a municipal liability case. It is not necessary for the plaintiff to prove that Frakes and Wilhelm's failure to train was so pervasive and widespread as to have the effect and force of law. *Compare Marsh*, 902 F.3d at 754, *and Parrish*, 594 F.3d at 1002, *with Szabla*, 486 F.3d at 392, *and Brewington*, 902 F.3d at 801.

6

dismiss) that when prison staff fail to follow policies on bunking cellmates, such an action poses an unconstitutional risk of harm to prison inmates. The defendants focus on what they argue are insufficient allegations regarding Frakes' and Wilhelm's states of mind. But the plaintiff has stated a claim under the Eight Amendment: The complaint alleged that Frakes and Wilhelm received notice of a pattern of unconstitutional acts, they unreasonably failed to take sufficient remedial action, and that failure proximately led to Carter's death. *See Marsh,* 902 F.3d at 754; *Walton,* 752 F.3d at 1124. Frakes' and Wilhelm's motion will be denied.

IT IS ORDERED:

1. Defendants Frakes' and Wilhelm's motion to dismiss (filing 41) is denied.

2. Defendant Deol's motion to dismiss (filing 48) is denied.

3. This matter is referred to the Magistrate Judge for case progression.

Dated this 26th day of September, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

7