IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **PAIGE CARTER**, Special Administrator of the **ESTATE OF KEVIN C. CARTER**, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>**SCOTT FRAKES**, Former Director of the Nebraska Department of Correctional Services, in his individual capacity, et al.,<br><br>Defendants. | Case No: 8:23-cv-485<br><br><br><br>ANSWER TO FIRST AMENDED COMPLAINT |

COME NOW Defendants Scott Frakes, Michele Wilhelm, and Harbans Deol (collectively "Defendants") for their Answer to the Plaintiff's First Amended Complaint (Filing No. 19) which correspond to the numbered paragraphs of the Amended Complaint, and state the following:

1. Admit.

2. Without admitting that any specific act or omission occurred to give rise liability herein, paragraph 2 is admitted.

3. Defendants are without sufficient knowledge to admit or deny this allegation.

4. Admit.

5. Admit.

6. Admitted insofar that Defendants Frakes and Wilhelm, at the relevant times, do participate in establishing policy for the Nebraska State Penitentiary

("NSP") but deny that Defendants Frakes or Wilhelm made any decisions or were responsible in any way regarding subject matter of this lawsuit.

7. Admit.

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. Defendants are without sufficient knowledge to admit or deny this allegation.

17. Admit.

18. Deny.

19. Admit.

20. Admit.

21. Defendants are without sufficient knowledge to admit or deny this allegation.

22. Admit.

23. Admit.

24. Admit.

25. Admit.

26. Admit.

27. Admit.

28. Deny.

29. Admit.

30. Deny.

31. Deny.

32. Deny.

33. Admitted insofar as Angelo Bol was placed on an involuntary medication order but deny the remainder of the allegations of this paragraph.

34. Admit.

35. Defendants are without sufficient knowledge to admit or deny this allegation.

36. Defendants are without sufficient knowledge to admit or deny this allegation.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

47. Deny.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

53. Deny.

54. Deny.

55. Deny.

56. Deny.

57. Deny.

58. Deny.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

63. Deny.

64. Deny.

65. Deny.

66. Deny.

67. Deny.

68. Deny.

69. Admitted insofar as Bol killed Kevin Carter but deny the remaining allegations of this paragraph.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Admit.

76. Admit.

77. Admit.

78. Deny.

79. Deny.

80. Defendants restate their answers to paragraphs 1 through 79 as if set forth fully herein.

81. Deny.

82. Deny.  Deny subparts a through h.

83. Deny.

84. Deny.

85. Deny.

86. Deny.

87. Deny.

88. Defendants do not request a jury trial but affirmatively state that any jury trial should occur in Lincoln, Nebraska.

## AFFIRMATIVE DEFENSES

1. The Amended Complaint fails to state a plausible claim for which relief can be granted.

2. The Amended Complaint fails to the extent Plaintiff cannot establish proper legal standing to bring the action.

3. The Amended Complaint is barred to the extent it seeks relief that contravenes Defendants' sovereign immunity or Eleventh Amendment immunity.

4. Defendants are protected by or are otherwise immune from suit under the doctrine of qualified immunity.

5. All conduct attributed to Defendants, to the extent it occurred, was done in good faith.

6. Plaintiff failed to exhaust administrative remedies prior to filing suit in accordance with applicable state law or regulations.

7. All conduct attributed to Defendants, to the extent it occurred, was not the proximate cause of Plaintiff's damages; rather, Plaintiff's damages were the cause of an intervening and superseding cause.

8. At all relevant times, Defendants acted in good faith, without malice, and without the requisite state of mind necessary for the Plaintiff to establish liability for the violation of any federal right.

9. Defendants did not act with deliberate indifference to the Plaintiff's health and safety.

10. Defendants did not know of and disregard a serious risk of harm to the Plaintiff.

11. Defendants did not engage in any conduct that caused Plaintiff to suffer a serious medical, dental, or mental health condition or aggravate or worsen an existing serious medical, dental, or mental health condition.

12. Defendants have not fallen below the applicable standard of care in protecting to the Plaintiff.

13. Defendants hereby place the Plaintiff on notice that the Defendants will raise the following affirmative defenses, as set forth in Fed. R. Civ. P. 8(c)(1), should subsequent discovery disclose facts that support such defenses, including, but not limited to: assumption of risk, contributory negligence, fraud, illegality, laches, payment, release, res judicata, and waiver.

WHEREFORE, Defendants pray that the Plaintiff takes nothing by reason of this suit and respectfully request that the Court enter judgment in favor of the Defendant, dismiss the Complaint with prejudice, and grant the Defendant any other and further relief that the Court deems just and proper.

DATED this 10th day of October 2024.

        **SCOTT FRAKES, MICHELE WILHELM, and DR. HARBANS DEOL, each in his or her individual capacity, Defendants.**

By:   MICHAEL T. HILGERS, #24483
*Nebraska Attorney General*

By:   *s/ Erik W. Fern*
Erik W. Fern, #23733
*Assistant Attorney General*

OFFICE OF THE ATTORNEY GENERAL
2115 State Capitol
Lincoln, NE 68509-8920
Tel: (402) 471-1830
erik.fern@nebraska.gov
*Attorneys for Defendant.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2024, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Nebraska, causing notice of such filing to be served upon all parties registered on the CM/ECF system as follows:

    Thomas J. Monaghan
    Rodney C. Dahlquist, Jr.
    Dornan, Troia, Howard, Breitkreutz,
    Dahlquist & Klein PC LLO
    1403 Farnam Street, Suite 232
    Omaha, NE 68102

By:   *s/ Erik W. Fern*
Erik W. Fern, #23733
*Assistant Attorney General*