IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAIGE CARTER, Special Administrator of the ESTATE OF KEVIN C. CARTER, Deceased,<br><br>    Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, MICHELE WILHELM, DR. HARBANS DEOL, SHELBY BARRAGAN-LOPEZ, MICHAEL MCCANN, CHARICE TALLEY, JEFFEREY REED, DOUGLAS HEMINGER, MATT HECKMAN, FRANKLIN HOWARD, KIM MCGILL, and JOHN/JANE DOES 1-6, in their individual capacities,<br><br>    Defendants. | 8:23cv485<br><br><br><br>**RULE 26(f) REPORT** |

The following attorneys conferred to prepare the Report of Parties' Planning Conference for the above-captioned case:

**Thomas J. Monaghan and Rodney C. Dahlquist, Jr., for Plaintiff**
**Katharine L. Gatewood and Christopher Felts for Defendants**

The parties discussed the case and jointly make the following report:[1]

## I.    INITIAL MATTERS:

A.    <u>Jurisdiction and Venue</u>:  As to the defendant(s) (mark all boxes that may apply).

☐    Jurisdiction is contested because _____.

---

[1] Counsel are advised to use caution in filing this report as well as other documents so there is no disclosure of information required by the E-Government Act of 2002 to be kept non-public, such as addresses, phone numbers, social security numbers, etc. If such identifiers are required to be disclosed to opposing parties, you may wish to file redactedd versions for the public court file and serve opposing parties with unredacted versions. See NECivR 5.3, available on the court's Website at www.ned.uscourts.gov.

If the case alleges an action for forfeiture, complete only sections **IV: Settlement**; **V. Consent to Final Resolution by a Magistrate Judge**; and **VI: Case Progression**.

☐   Venue is contested because _____.

☒   Neither jurisdiction nor venue are contested.

B.   <u>Immunity</u>:  As to the defendant(s) (mark all boxes that may apply).

☒   An immunity defense has been raised by a defendant.

☐   An immunity defense will be raised, such defense to be raised on or before **Click here to enter a date.**.

☐   No immunity defense has or will be raised in this case.

C.   Either jurisdiction or venue is being challenged, or a defense of immunity has or will be raised, and:

☐   Not applicable.

☐   The parties agree that discovery and case progression can begin before the jurisdiction, venue, and/or immunity issues are decided.

☒   Any or all parties believe that case progression and discovery should be stayed pending a ruling on those issues, and

☐   before any motion(s) to resolve jurisdiction, venue, and/or immunity issues can be filed, initial discovery limited to those issues will be necessary, and such discovery can be completed by: **Click here to enter a date.**.
Explain: _____.

☒   a dispute exists as to whether and to what extent discovery is needed to resolve jurisdiction, venue, and/or immunity issues. A conference with the court is requested.

☐   motion(s) to resolve jurisdiction, venue, and/or immunity issues can be filed on or before **Click here to enter a date.**.

## II.   CLAIMS AND DEFENSES:

2

A.    Claims:[2] Provide a brief statement of the alleged facts and a succinct summary of the alleged federal or state theories of recovery, citing any relevant statutes which provide the basis for any statutory claims. You do not need to list the elements of each claim.

**EIGHTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983; Plaintiff claims that Decedent Kevin C. Carter was under the supervision and custody of Defendants, who were obligated to take reasonable measures to guarantee Carter's safety and to protect him from violence at the hands of other inmates. Plaintiff claims that while under Defendant's supervision and custody, Defendants subjected Carter to a substantial risk of serious harm, resulting in his death. Specifically, Defendants failed to complete the necessary protocols for bunking Carter with a mentally disturbed inmate; failed to properly examine, diagnose, and assess Carter's risk of being assaulted and his fellow inmate's risk of assault; failure to consider Bol's significant mental health issues and/or mental competency when bunking him with Carter; failure to staff NSP with enough personnel to observe and counsel inmates; and failure to adequately train, monitor and supervise NSP staff to ensure proper protocol was followed.**

**Plaintiffs claim that Defendants had actual knowledge of each of these risks, but disregarded or acted with deliberate indifference to Carter's safety, and that by these failures, Defendants failed to act in good faith and without malice toward Carter's constitutional rights. Based on Defendants' acts and omissions, Carter suffered physical, mental and emotional injury, to include the loss of his life. The acts and omissions of Defendants in this case were so gross and culpable in nature that they constitute reckless indifference and wanton disregard for the law and for the lives and safety of others, including Carter.**

**As a result of Defendants' actions as alleged herein, Plaintiff has been required to retain the services of attorneys and is entitled to a reasonable amount for attorney's fees pursuant to 42 U.S.C. § 1988 for those violations covered by the Civil Rights Act.**

---

[2] The category "Claims" includes any claims raised by any party, including not only those raised by the party(s) who filed the lawsuit, but any crossclaims, counterclaims, or third-party claims raised in the operative pleadings.

B. <u>Defenses</u>:[3] List each alleged affirmative defense to the claims, and for any defenses based on a statute, cite the relevant statute.

1.  The Amended Complaint fails to state a plausible claim for which relief can be granted. Fed. R. Civ. P 12(b)(6)
2. The Amended Complaint fails to the extent Plaintiff cannot establish proper legal standing to bring the action.
3. The Amended Complaint is barred to the extent it seeks relief that contravenes Defendants' sovereign immunity or Eleventh Amendment immunity.
4. Defendants are protected by or are otherwise immune from suit under the doctrine of qualified immunity.
5. All conduct attributed to Defendants, to the extent it occurred, was done in good faith.
6. Plaintiff failed to exhaust administrative remedies prior to filing suit in accordance with applicable state law or regulations.
7. All conduct attributed to Defendants, to the extent it occurred, was not the proximate cause of Plaintiff's damages; rather, Plaintiff's damages were the cause of an intervening and superseding cause.
8. At all relevant times, Defendants acted in good faith, without malice, and without the requisite state of mind necessary for the Plaintiff to establish liability for the violation of any federal right.
9. Defendants did not act with deliberate indifference to the Plaintiff's health and safety.
10. Defendants did not know of and disregard a serious risk of harm to the Plaintiff.
11. Defendants did not engage in any conduct that caused Plaintiff to suffer a serious medical, dental, or mental health condition or aggravate or worsen an existing serious medical, dental, or mental health condition.
12. Defendants have not fallen below the applicable standard of care in protecting to the Plaintiff.

III.   **METHOD OF RESOLUTION**:  Please indicate below how the parties anticipate that this case will be resolved.

☐     <u>Administrative record</u> review:

☐     A party will request discovery.

☐     A party will not request discovery.

---

[3] The category "Defenses" includes any defenses raised in any pleading filed in response to the operative complaint, any crossclaims, counterclaims, or third-party claims.

4

**Note:** If no party is requesting discovery, the parties need not complete the **Section VI: Case Progression** portion of this report. Instead, contact the assigned magistrate judge to schedule a conference for entering an administrative review scheduling order.

☐ A dispute exists as to whether and to what extent discovery is needed. The parties need not complete the **Section VI: Case Progression** portion of this report at this time. Instead, contact the assigned magistrate judge to set a case progression conference.

☐ <u>Cross-motions</u> for summary judgment and/or resolution on stipulated facts:

☐ A party will request discovery.

☐ A party will not request discovery. The parties' cross-motions for summary judgment will be filed on or before **Click here to enter a date.**.
**Note:** If no party is requesting discovery, the parties need not complete the **Section VI: Case Progression** portion of this report.

☐ A dispute exists as to whether and to what extent discovery is needed. The parties need not complete the **Section VI: Case Progression** portion of this report at this time. Instead, contact the assigned magistrate judge to set a case progression conference.

☒ Trial**:**

☐ No party has timely demanded a jury trial.

☒ A party has timely demanded a jury trial and does not anticipate waiving that demand, and the parties agree that all or part of the claims in this case must be tried to a jury.

☐ A party has demanded a jury trial, and the parties disagree on whether trial by jury is available for all or part of this case.
A motion to strike the jury demand will be filed no later than: **Click here to enter a date.**.

☐ The party who previously demanded a jury trial now wishes to waive that right. Any other party who will now demand a jury trial will file that demand within 14 days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

**IV.    SETTLEMENT:**

Counsel state (mark all boxes that may apply):

☐    To date, there have been no efforts taken to resolve this dispute.

☒    Efforts have been taken to resolve this dispute

    ☐    prior to filing this lawsuit. Explain: _____.

    ☒    after filing this lawsuit, but before the filing of this report.
        Explain: Counsel for Plaintiff has submitted a demand letter to counsel for Defendants.

☐    Counsel have discussed the court's Mediation Plan and its possible application in this case with their clients and opposing counsel, and:

    ☐    It is agreed:

        ☐    Mediation is appropriate at this time, and pending the outcome of those efforts,

            ☐    case progression should be stayed.

            ☐    case progression should not be stayed.

        ☐    Mediation may be appropriate in the future. Please explain when you believe mediation may be useful: _____

        ☐    Mediation will not be appropriate.  Explain: _____.

        ☐    Counsel believe that with further efforts in the future, the case can be settled, and they will be prepared to discuss settlement, or again discuss settlement, by **Click here to enter a date.**.

    ☐    At least one party is not interested in exploring options for settling this case.

## V.    CONSENT TO FINAL RESOLUTION BY A MAGISTRATE JUDGE:

As explained more fully in the Civil Case Management Practices, in accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case may voluntarily consent to have a United States Magistrate Judge conduct all further proceedings in the case, including the trial, and order the entry of final judgment. The consent must be unanimous, and any appeal must be taken to the

United States Court of Appeals. If the parties do not presently consent, they may do so later. Absent consent, the case will remain with the assigned United States District Judge or, if not previously assigned to a District Judge, it will be randomly assigned to a District Judge.

☐ All parties hereby voluntarily consent to have the United States Magistrate Judge conduct all further proceedings in this case including the trial and entry of final judgment.

☒ At least one party does not currently consent.

## VI.   CASE PROGRESSION:

A.   Initial mandatory disclosures required by Rule 26(a)(1).

☐ Have been completed.

☒ Will be completed by December 4, 2024.

B.   Motions to amend the pleadings or to add parties.

☒ A plaintiff does not anticipate a need to amend pleadings or add parties. Motions to amend pleadings or add parties will be filed by Plaintiff(s) on or before **Click here to enter a date.**.

☒ A defendant does not anticipate a need to amend pleadings or add parties. Motions to amend pleadings or add parties will be filed by Defendant (s) on or before **Click here to enter a date.**.

If more than 90 days are needed, explain why: _____.

C.   Discovery.

1)   As to written discovery under Rules 33, 34, 36, and 45:

a.   The parties have discussed currently anticipated number of interrogatories, document production requests, and requests for admissions. Based on those discussions:

☒ The parties do not anticipate any disputes over the number of discovery requests served.

☐ The parties believe a dispute may arise over the number of (mark all boxes that may apply):

7

    ☐    Interrogatories.

    ☐    Requests for Production.

    ☐    Requests for Admission.

If the parties anticipate a possible dispute over the number of written discovery requests, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

    b.    Written discovery will be completed[4] by **April 1, 2025**.

2)    As to expert disclosures as required under Rule 26(a)(2):

    ☐    The parties do not anticipate calling experts to testify at trial.

    ☒    The parties anticipate calling experts to testify at trial, and

    a.    Counsel agree to at least **identify** such experts, by name, address, and profession (i.e., without the full reports required by Rule 26(a)(2)), by March 1, 2025.[5]

    b.    Expert **reports** shall be served by May 1, 2025.[6]

    c.    Motions to exclude expert testimony on *Daubert* and related grounds will be filed by July 1, 2025.

3)    As to deposition testimony under Rules 30 and 45:

    a.    The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 15.

    b.    All depositions

    ☐    will be limited by Rule 30(d)(1).

---

[4] "Completed" means the discovery answers or responses to written discovery have been served. As such, written discovery must be served sufficiently in advance of the discovery completion deadline to afford the responding party the time permitted under the discovery rules to answer or respond.

[5] **Note**: The parties may choose to eliminate this expert identification step and propose only an expert disclosure deadline. The parties may agree on separate dates for the plaintiff(s) and the defendant(s).

[6] **Note**: The parties may agree on separate dates for the plaintiff(s) and the defendant(s), and they may include rebuttal expert deadlines.

☐      will be limited by Rule 30(d)(1), except as follows:

c.      All depositions, regardless of whether they are intended to be used at trial, will be completed by **June 30, 2025**.

4)      Protective Order:

☒      All parties anticipate that a protective order will be needed to complete the exchange of discovery, and

        ☐      the parties hereby move the court to enter the court's standard protective order (see, <u>Civil Case Management</u> website page,

                ☐      with the court's standard Attorneys' Eyes Only provisions.

                ☐      with the court's standard HIPAA language permitting release of Protected Health Information.

        ☒      the parties hereby move the court to enter the proposed protective order attached to this report.

        ☐      the parties will jointly move, or a party will move for entry of a protective order, emailing a copy of the proposed protective order in Word format to the chambers of the magistrate judge assigned to the case.[7]

☐      At least one party believes a protective order will not be necessary in this case.

5)      Work Product and Privileged Information: The parties have reviewed the **Civil Case Management Practices**, including those provisions discussing discovery of **Privileged Information**, and they have discussed whether certain categories of documents, are presumptively privileged.

---

[7] If a dispute exists over the need for a protective order, or the content of that order, the parties shall confer in good faith and if they cannot resolve the issue without court intervention, they shall schedule a conference call with the magistrate judge assigned to the case before engaging in written motion practice.

☒     The parties agree that the following categories of documents are presumptively privileged and need not be listed on a privilege log:

       ☒     Documents between legal counsel and clients created on or after **November 2, 2023**

       ☒     Documents maintained by consulting or testifying experts created on or after **November 2, 2023**.

       ☐     The following documents: _____.

☐     Counsel have discussed the discovery of privileged information, but they have not agreed on what documents are presumptively privileged.

       If the parties anticipate a possible dispute over Work Product and Privileged Information discovery, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

6)     Electronically Stored Information (ESI): The parties have reviewed the Civil Case Management Practices, including those provisions discussing discovery of ESI and,

       ☒     the parties do not anticipate a dispute over preservation, scope, and production of ESI.

       ☐     the parties anticipate a dispute regarding the preservation, scope, and production of ESI.

       If the parties anticipate a possible dispute over ESI, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

7)     Other special discovery provisions agreed to by the parties include: _____.

D.     Dispositive Motions.

       ☐     The parties do not anticipate filing motions to dismiss, for judgment on the pleadings, or for summary judgment as to any claims and/or defenses.

10

☒ A party anticipates filing a motion to dismiss, and/or for judgment on the pleadings, and/or or for summary judgment

    a.      as to the following claims and/or defenses:[8] Plaintiff's theory of recovery of Eighth Amendment Pursuant to 42 U.S.C. § 1983

    b.      such motions to be filed on or before September 12, 2025.

E.    Other matters to which the parties stipulate and/or which the court should know or consider: _____.

F.    This case will be ready for trial before the court by: December 2025

G.    The estimated length of trial is 5 days.

## VII.   CONFERENCING WITH THE COURT:

A.    Initial Case Conference:

☐ At least one party requests a conference with the court before the court enters a final case progression order for this lawsuit.

☒ All parties agree that the court may enter a final case progression order for this lawsuit without first conferring with the parties.

B.    Interim Status Conference:

☐ At least one party believes a court conference with the parties may be helpful (e.g., to assist with averting or resolving a dispute over written discovery, ESI, or privilege/work product discovery; following service of mandatory disclosures; after completing written discovery, etc.), and requests a conference be set in: (month/year).

☒ The parties do not currently anticipate that a court conference will assist with case progression, and they will contact the assigned magistrate judge to schedule a conference if a problem arises.

**Reminder:** **By signing this document, counsel and any self-represented parties acknowledge that they have reviewed the Civil Case Management Practices, including those provisions discussing discovery of Electronically Stored Information and Privileged Information.**

---

[8] As to forfeiture actions, dispositive motions on any "claims and/or defenses" include any motions to suppress.

Dated: **November 7, 2024.**

/s/ Rodney C. Dahlquist, Jr.

Thomas J. Monaghan, #12874
Rodney C. Dahlquist, Jr., #23912
1403 Farnam Street, Suite 232
Omaha, NE 68102
402-884-7044

/s/ Christopher A. Felts

Christopher A. Felts, #26784
Katharine L. Gatewood, #25238
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509-8920
(402) 471-2683

CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Christopher A. Felts and Katharine L. Gatewood, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: None

s/ Thomas J. Monaghan

(Rev. 6/11/2020)

12