IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAIGE CARTER, Special Administrator of the Estate of Kevin C. Carter, deceased; | |
| | 8:23CV485 |
| Plaintiff, | |
| vs. | **FINAL PROGRESSION ORDER** |
| SCOTT FRAKES, Former Director of the Nebraska Department of Correctional Services, in his individual capacity; MICHELE WILHELM, Warden of Nebraska State Penitentiary, in her individual capacity; JOHN/JANE DOES 1-6, all employees of Nebraska State Penitentiary, in their individual capacities; DR. HARBANS DEOL, Former Medical Director for Nebraska Health Services, in his individual capacity; SHELBY BARRAGAN-LOPEZ, in her individual capacity; MICHAEL MCCANN, in his individual capacity; CHARICE TALLEY, in her individual capacity; JEFFERY REED, in his individual capacity; DOUGLAS HEMINGER, in his individual capacity; MATT HECKMAN, in his individual capacity; FRANKLIN HOWARD, in his individual capacity; and KIM MCGILL, in her individual capacity; | |
| Defendants. | |

IT IS ORDERED that the final progression order is as follows:

1) The trial and pretrial conference will not be set at this time. A status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings will be held with the undersigned magistrate judge on **July 8, 2025** at **10:30 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

2) The deadline for serving initial mandatory disclosures under Rule 26(a)(1) is December 4, 2024.

3) The deadlines for moving to amend pleadings or add parties are:

   For the plaintiff(s):     January 8, 2025
   For the defendant(s):     January 8, 2025

4) The deadline for completing written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure is April 1, 2025. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by April 15, 2025.

   **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

5) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), is March 1, 2025.

6) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), is May 1, 2025.

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

7) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is June 30, 2025.

   a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 15.

   b. Depositions will be limited by Rule 30(d)(1).

8) The deadline for filing motions to dismiss and motions for summary judgment is September 12, 2025.

9) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is July 1, 2025.

10) Motions in limine shall be filed twenty-eight days before trial. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

11) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

12) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 8th day of November, 2024.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge